UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ADAM M.,

              Plaintiff,        **DECISION AND ORDER**

    v.

                                   1:23-cv-01203-EAW

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

## INTRODUCTION

Adam M. ("Plaintiff") brought this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying Plaintiff's application for supplemental security income ("SSI"). (Dkt. 1). On March 12, 2024, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision, and remanding the matter for further proceedings. (Dkt. 10). Judgment was entered the next day. (Dkt. 11).

Presently before the Court is Plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Dkt. 12). Plaintiff seeks a total of $10,721.72 in attorney's fees.[1] (Dkt. 12-1 at 5; Dkt. 14 at 7; Dkt.

---

[1]     Plaintiff initially sought $9,426.24 in attorney's fees. (Dkt. 12). Following the Commissioner's response in opposition to Plaintiff's counsel's motion, Plaintiff's counsel contends that she spent an additional 5.2 hours drafting Plaintiff's reply papers, amounting to $1,295.48 of additional legal fees that Plaintiff is now seeking under the EAJA. (Dkt. 14 at 7; Dkt. 14-1 at ¶ 3).

- 1 -

14-1 at ¶ 3). The Commissioner objects on the grounds that the hours expended by counsel are unreasonable and urges the Court to reduce counsel's fees by 6.96 hours and award the fees for a total of 30.94 hours. (Dkt. 13 at 5). For the reasons that follow, the Court grants Plaintiff's motion and awards Plaintiff a total of $10,750.84 in attorney's fees pursuant to the EAJA.

## DISCUSSION

### I. Legal Standard

As the Second Circuit has explained:

> The [EAJA] provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

*Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 302-03 (2d Cir. 2011) (quoting 28 U.S.C. § 2412(d)(1)(A)). "Thus, under the EAJA, eligibility for a fee award in any civil action requires: (1) that the claimant be a prevailing party; (2) that the Government's position was not substantially justified; [and] (3) that no special circumstances make an award unjust." *Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011) (citation and quotations omitted).

The Commissioner does not dispute that Plaintiff was a prevailing party, nor does he challenge the timeliness of Plaintiff's motion. (Dkt. 13 at 2). Also, the Commissioner does not contend that his position was substantially justified, nor does he allege that special circumstances make an award unjust. (*Id.*). Rather, the Commissioner's sole objection to

Plaintiff's fee request is the reasonableness of the hours expended by Plaintiff's counsel. (*Id*. at 2-5). The Commissioner asks the Court to reduce the hours expended on her review of the record, research, drafting, and editing by 6.96 hours. (*Id*. at 5).

The Court agrees with Plaintiff and the Commissioner that an award of fees is appropriate under the EAJA. The only question left to resolve is the reasonableness of the hours expended by counsel and the correct hourly rate to be applied to calculate Plaintiff's attorney's fees.

## II. Analysis

### A. Reasonableness of the Hours Expended

It is well-recognized that EAJA fees are determined by examining the amount of time spent on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A). A district court has broad discretion in determining the reasonableness of an attorney's fee request, though it "need not . . . scrutinize[] each action taken or the time spent on it . . . ." *Aston v. Sec'y of Health & Hum. Servs.*, 808 F.2d 9, 11 (2d Cir. 1986) (citation omitted).

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel is not required to record in great detail how each minute of his time was expended, but he must identify the general subject matter of his time expenditures," *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (internal citations and quotations omitted), and "make a good faith effort to exclude from a fee request hours that are excessive, redundant,

or otherwise unnecessary," *Hensley*, 461 U.S. at 433-34. "When the documentation of hours is inadequate, the district court may reduce the award accordingly but must provide a concise but clear explanation of its reasons for the fee award." *Vincent*, 651 F.3d at 307 (internal citations and quotations omitted).

Here, Plaintiff's counsel contends that she spent 37.9 hours on Plaintiff's substantive matter, and 5.2 hours on preparing Plaintiff's reply to the Commissioner's objection to the instant motion, for a total of 43.1 hours. (Dkt. 12-1 at 5; Dkt. 14 at 7; Dkt. 14-1 at ¶ 3). The Commissioner argues that the hours spent by counsel on the substantive matter were excessive and unreasonable because the size of the administrative transcript was not lengthy, the case lacked complex or novel issues, and because counsel has extensive experience in representing social security litigants and was familiar with Plaintiff's matter. (Dkt. 13 at 2-5). The Court disagrees.

Generally, "[w]hen determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Lofton v. Saul*, No. 19-cv-00454 (KAD), 2020 WL 858649, at *1 (D. Conn. Feb. 21, 2020). It is also generally recognized that a routine social security case on average requires 20 to 40 hours of attorney time to prosecute. *See Sava v. Comm'r of Soc. Sec.*, No. 06-CV-3386 (KMK) (PED), 2014 WL 129053, at *3 (S.D.N.Y. Jan. 10, 2014) (collecting cases).

The number of hours spent by counsel on the substantive matter—37.9 hours—is within the reasonable range of hours dedicated to a routine social security case. The

administrative transcript in the present case was 796 pages long, and the Commissioner argues that it did not warrant the 14.9 hours that counsel spent on its review and summary. (Dkt. 13 at 3-4). Plaintiff's counsel explains that due to the novelty of a primary impairment of amputation, which she rarely encounters in her practice, it was necessary for her to spend more time on the review of the record, picking out relevant facts, and evaluating whether the facts required additional research. (Dkt. 14-1 at ¶ 12). Although the Court frequently encounters much lengthier administrative transcripts in other social security cases, it does not find that the circumstances of the present case warrant a reduction of counsel's hours based on the length of the transcript, particularly where the total hours sought by counsel are within the average range for a social security disability appeal. *See e.g.*, *Ortiz v. Comm'r of Soc. Sec.*, No. 22 Civ. 3052 (LGS) (SLC), 2023 WL 8604696, at *3 (S.D.N.Y. Nov. 27, 2023), *adopted*, 2023 WL 8603327 (S.D.N.Y. Dec. 12, 2023) (transcript of 6,934 pages was "much lengthier than average") (collecting cases noting transcripts of over 1,200 pages in length being "larger than average"); *Jennifer Lee G. v. Comm'r of Soc. Sec.*, No. 1:18-CV-0250 (WBC), 2020 WL 13557773, at *3 (W.D.N.Y. Dec. 14, 2020) ("the 752-page transcript is of average length"); *but see Diaz Sanjurjo v. Colvin*, No. 1:14-CV-85-DNH, 2016 WL 1611122, at *3 (N.D.N.Y. Apr. 21, 2016) ("voluminous record that contained a transcript of 891 pages"); *Borus v. Astrue*, No. 09-CV-4723 PAC RLE, 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) ("extremely voluminous administrative record, totaling nearly 700 pages").

The complexity of Plaintiff's case also supports the hours incurred. Here, counsel spent 18.4 hours on legal research and drafting Plaintiff's two arguments. (Dkt. 12-2 at

¶ 3). Even though the arguments pertained to routinely litigated issues of the ALJ's failure to properly evaluate opinion evidence and assess Plaintiff's mental residual functional capacity, the arguments contained six subparts where each of them required counsel's independent legal and factual analysis. (Dkt. 6-1 at 13-24; Dkt. 12-1 at 3-4). Additionally, the Court takes into account counsel's success in securing a stipulated remand for further proceedings following her filing of Plaintiff's substantive motion, which likely would not have been possible without counsel's carefully crafted arguments. *See Hensley*, 461 U.S. 424, 440 (1983) ("the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees"); *cf. David L. R. v. Comm'r of Soc. Sec.*, No. 5:20-CV-0988 (DEP), 2022 WL 703998, at *3 (N.D.N.Y. Mar. 9, 2022) (reduction of hours was warranted where remand was based solely on an issue raised by the Commissioner and was not a product of Plaintiff's counsel's efforts).

The Commissioner argues that Plaintiff's counsel's hours should also be reduced because counsel has extensive experience litigating social security disability cases, and her firm represented Plaintiff at his administrative proceedings. (Dkt. 13 at 4-5). The Court does not find that under the circumstances of this case this warrants a reduction of counsel's hours, particularly when she was not an attorney of record at the hearing level and had no involvement in Plaintiff's matter until she reviewed the case for appeal. (Dkt. 14-1 at ¶ 13). Accordingly, the Court finds the hours expended by Plaintiff's counsel representing Plaintiff's interests in this matter were reasonable.

**B.     Hourly Rate**

"Determining counsel's hourly rate under the EAJA involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ("CPI"), to the statutory ceiling of $125.00 per hour set by the EAJA on March 29, 1996." *Montes v. Comm'r of Soc. Sec.*, No. 17-CV-322-MJR, 2019 WL 2264967, at *3 (W.D.N.Y. May 28, 2019) (internal quotation marks and brackets omitted); *see also Caplash* v. *Nielsen*, 294 F. Supp. 3d 123, 136 (W.D.N.Y. 2018) (the cost-of-living adjustment is calculated "by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI-U') for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of EAJA's $125 statutory rate." (citation omitted)).  "The hourly rate should only be increased by the corresponding CPI for each year in which the legal work was performed." *Montes*, 2019 WL 2264967, at *3 (internal brackets omitted).

Plaintiff's counsel performed legal work from October 2023 through May 2024. (Dkt. 12-2 at ¶ 3; Dkt. 14-1 at ¶ 3).  The Court agrees with the hourly rate utilized by Plaintiff's counsel for 2023, but finds that the hourly rate for 2024 is incorrect. *See Caplash*, 294 F. Supp. 3d at 136 ("The court must apply a different cost of living adjustment for each year in which hours were billed, rather than applying a single adjustment to the total hours billed." (quotation omitted)); *see also Butts v. Astrue*, 565 F. Supp. 2d 403, 406 n.3 (N.D.N.Y. 2008) ("The equation to determine the hourly rate is: $125 (statutory limit) multiplied by the average CPI-U for targeted year; the total is divided by the CPI-U from March 1996.").

Plaintiff's counsel spent 37.9 hours of work on Plaintiff's substantive matter, which consisted of the 3.0 hours billed in 2023 and the 34.9 hours billed in 2024, as well as the 5.2 hours spent on her preparation of Plaintiff's reply to the Commissioner's objection in 2024.[2]  (Dkt. 12-1 at 5; Dkt. 12-2 at ¶ 3; Dkt. 14 at 7; Dkt. 14-1 at ¶ 3).  Applying the CPI-adjusted hourly rate for 2023 to the 3.0 hours counsel worked that year, her legal fees for 2023 would amount to $733.86.[3]  Applying the CPI-adjusted hourly rate for 2024 to the 40.1 hours counsel worked that year would amount to $10,016.98 in fees for the period from January 2024 through May 2024.[4]

---

[2]    Counsel indicates that she billed 3.5 hours for work performed on the substantive matter in 2023, however, it appears that there is an error in the year for the January 19 billing entry.  (Dkt. 12-1 at 5; Dkt. 12-2 at ¶ 3).  Accordingly, the Court finds that counsel spent 3.0 hours on the work performed on the substantive matter in 2023 and 34.9 hours on the work performed in 2024.

[3]    Using the CPI data published by the United States Department of Labor at https://www.bls.gov/bls/news-release/cpi.htm#current (last viewed on May 15, 2024), the CPI-adjusted hourly rate for 2023 was $244.62, which is calculated by averaging the individual CPIs for each month of 2023 and applying the annual average CPI (304.702) to the following formulas:

$125.0 (hourly rate in statute) = $X
155.7 (CPI as of March 1996) = 304.702 (average CPI for 2023).

[4]    Using the CPI data published by the United States Department of Labor at https://www.bls.gov/bls/news-release/cpi.htm#current (last viewed on May 21, 2024), the CPI-adjusted hourly rate for 2024 was $249.80, which is calculated by averaging the individual CPIs for each month of 2024 (January through April) and applying the average CPI (311.156) to the following formulas:

$125.0 (hourly rate in statute) = $X
155.7 (CPI as of March 1996) = 311.156 (average CPI from January through April 2024).

Accordingly, in light of the hours spent by Plaintiff's counsel on representation of Plaintiff's interests and the adjusted hourly rates for each year of her representation, Plaintiff's counsel is entitled to an award of $10,750.84 in attorney's fees.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorney's fees (Dkt. 12) is granted. The Commissioner shall pay $10,750.84 in attorney's fees to Plaintiff's counsel subject to offset under the Treasury Offset Program, if any.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     June 11, 2024
           Rochester, New York